IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **ZACHARY BUCHHOLZ and JESSICA HERNANDEZ, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br>-against-<br><br>**GOURMET SUBS OF CHARLOTTE, LLC,**<br><br>Defendant. | Case No. 3:17-cv-231<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Zachary Buchholz and Jessica Hernandez, individually and on behalf of all others similarly situated, by their attorneys, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.  This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiffs and other current and former Assistant Managers or Assistant Store Managers (collectively, "ASMs"), who worked more than 40 hours in any workweek at any Jimmy John's store owned by Defendant in the United States, from three years before the date this Complaint was filed, until the entry of judgment in this matter, for all ASMs who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA (the "FLSA Collective").

## THE PARTIES

2.  Plaintiff Zachary Buchholz is a resident of Charlotte, North Carolina.

3.  Plaintiff Jessica Hernandez (together with Plaintiff Zachary Buchholz, "Plaintiffs") is a resident of Charlotte, North Carolina.

1

4. Defendant Gourmet Subs of Charlotte, LLC ("Defendant") is a North Carolina company whose registered office is located at 5614 Zion Church Road, Concord, North Carolina 28025-7053.

5. Defendant owns and operates Jimmy John's franchised locations under one or more franchise agreements with Jimmy John's Franchise, LLC.

6. Plaintiff Buchholz worked for Defendant as an ASM through February 2015, at a store owed by Defendant at 3014 Driwood Court, Charlotte, North Carolina 28269.

7. Plaintiff Hernandez worked for Defendants as an ASM through September 2014, at a store owned by Defendant at 9525 Birkdale Crossing Drive, Huntersville, North Carolina, 28078.

8. Plaintiffs are covered employees under the FLSA.

9. Defendant was Plaintiffs' employer under the FLSA.

## JURISDICTION & VENUE

10. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in this district because Defendant conducts business in this district and a substantial part of the events giving rise to the claims occurred in this district.

12. Defendant is subject to personal jurisdiction in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as ASMs at any time from three years from the date of filing this Complaint, until the entry of

judgment in this case (the "Collective Action Period") (collectively, the "Collective Action Members").

14. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other ASMs.

15. There are many similarly-situated current and former ASMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

16. The similarly situated employees are known to Defendant, are readily identifiable and can be located through Defendant's records.

## STATEMENT OF FACTS

17. Defendant employed Plaintiffs and the Collective Action Members as ASMs.

18. Defendant maintained control, oversight, and discretion over the operation of all its restaurants, including its employment practices with respect to the ASMs.

19. Plaintiffs' and the ASMs' work was performed in the normal course of Defendant's business and was integrated into it.

20. Consistent with the Defendant's policy, pattern, and practice, Plaintiffs and all other similarly situated ASMs regularly worked more than 40 hours per workweek without being paid overtime wages, in violation of the FLSA. Plaintiff Buchholz worked an average of 55 – 65 hours per workweek, and occasionally more. An example of one such week is September 8-14, 2014, when Plaintiff Buchholz worked over 70 hours. Plaintiff Hernandez worked an average of 55-60 hours per workweek, and occasionally more. An example of one such week is September 1-7, 2014, when Plaintiff Hernandez worked approximately 65 hours.

3

21. Defendant assigned all the work ASMs performed, or was aware of all the work they have performed.

22. The primary duties of ASMs required little skill and no capital investment.

23. The primary duties of ASMs did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

24. Regardless of the store in which they worked, ASMs' primary job duties included:

   a. preparing food;
   b. helping customers;
   c. bussing tables;
   d. cleaning the restaurant;
   e. checking to make sure that supplies were properly shelved; and
   f. checking inventory.

25. Regardless of the store in which they worked, ASMs' primary job duties did not include:

   a. hiring;
   b. firing;
   c. disciplining other employees;
   d. scheduling;
   e. supervising and delegating; or
   f. exercising meaningful independent judgment and discretion.

26. The primary duties of ASMs were manual in nature. The performance of manual labor duties occupied the majority of their working hours.

27. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant classified all ASMs as exempt from coverage of the overtime provisions of the FLSA.

28. Upon information and belief, Defendant did not perform a person-by-person analysis of the ASMs' job duties when making the decision to classify them (and other

similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

29. Defendant's unlawful conduct was willful or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, or practice of attempting to minimize labor costs by violating the FLSA. Defendant knew that ASMs were not performing activities that complied with any FLSA exemption and, as a result of Defendant's close affiliation with substantial corporate entities, is aware of its obligations under the FLSA. Accordingly, Defendant acted willfully or recklessly in failing to classify Plaintiffs and other similarly-situated ASMs as non-exempt employees.

30. Defendant was aware, or should have been aware, through its management-level employees, that ASMs were primarily performing non-exempt duties. Defendant knew, or recklessly disregarded, that the FLSA required it to pay employees primarily performing non-exempt duties, an overtime premium for hours worked more than 40 per workweek.

31. Accordingly, Defendant's unlawful conduct was willful or, in reckless disregard, of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA.

32. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA with respect to ASMs. This policy, pattern, or practice includes but it is not limited to:

    a. willfully misclassifying Plaintiffs and the Collective Action Members as exempt from the requirements of the FLSA;

      b.      willfully failing to pay Plaintiffs and the Collective Action Members overtime wages for hours that they worked in excess than 40 hours per week; and

      c.      willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt ASMs to perform non-exempt tasks.

33. Defendant's willful violations of the FLSA are further demonstrated by the fact that during the Class and Collective Action Periods, and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiffs and the Collective Action Members. Defendant acted recklessly or, in willful disregard of, the FLSA by instituting a policy and practice that did not allow Plaintiffs and the Collective Action Members to record all hours worked.

**FIRST CAUSE OF ACTION**
**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiffs and the FLSA Collective**

34. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendant employed Plaintiffs, and employed or continues to employ, each of the Collective Action Members within the meaning of the FLSA.

36. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

37. Plaintiffs consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

38. The overtime wage provisions, set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

39. At all relevant times and continuing to the present, Defendant had a policy and practice of refusing to pay overtime compensation to its ASMs and, similarly-situated employees in comparable positions but holding different titles, for all hours worked in excess of 40 hours per workweek.

40. As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiffs and the Collective Action Members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

42. As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its restaurants, Defendant knew or, recklessly disregarded, the fact that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

43. Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and the Collective Action Members, Defendant's actual knowledge, through its managerial

employees/agents, that the primary duties of the Plaintiffs and the Collective Action Members was manual labor and included other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiffs' and the Collective Action Members' job duties to ensure that they were exempt job duties constituted their primary job duties, Defendant instituting a policy and practice that did not allow Plaintiffs and Collective Action Members to record all hours worked, and Defendant's failure to post and keep posted a notice explaining the minimum wage and overtime wage requirements, Defendant knew, or showed reckless disregard, that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

44. As a result of Defendant's FLSA violations, Plaintiffs on behalf of themselves and the Collective Action Members, are entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover from Defendant an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) to recover from Defendant their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

45. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

Plaintiffs seek the following relief on behalf of themselves and all others similarly-situated:

A. Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA, using the following methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

C. Equitable tolling of the FLSA statute of limitations as a result of Defendant's failure to post requisite notices under the FLSA;

D. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

E. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA;

F. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G. An award of prejudgment and post-judgment interest;

H. An award of costs and expenses of this action together with reasonable attorney's fees and expert fees and an award of a service payment to the Plaintiffs; and

I. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

    Respectfully submitted,

    /s/ Philip J. Gibbons, Jr.

    Philip J. Gibbons, Jr., NC Bar #52076
    **Phil Gibbons Law, P.C.**
    15720 Brixham Hill Ave #331
    Charlotte, NC 28227

T. (704) 612-0038
F. (704) 612-0038
E. phil@philgibbonslaw.com

Seth R. Lesser*
Fran L. Rudich*
Christopher M. Timmel*
**Klafter Olsen & Lesser LLP**
Two International Drive, Suite 350
Rye Brook, New York 10573
T. (914) 934-9200
F. (914) 934-9220
E. seth@klafterolsen.com
   fran@klafterolsen.com
   Christopher.timmel@klafterolsen.com

Justin M. Swartz
Michael Litrownik
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
T. (212) 245-1000
F. (212) 977-4005
E. jms@outtengolden.com
   mlitrownik@outtengolden.com

Drew Legando
**Landskroner Grieco Merriman LLC**
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@lgmlegal.com

*Counsel for Plaintiffs and the Collective*

* *Pro hac vice* application forthcoming