IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION No. 3:17-CV-231-MOC-DCK

| | |
|---|---|
| ZACHARY BUCHHOLZ and JESSICA HERNANDEZ, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>GOURMET SUBS OF CHARLOTTE, LLC,<br><br>**Defendant.** | **STIPULATION AND ORDER FOR CONDITIONAL CERTIFICATION OF ACTION AS FLSA COLLECTIVE ACTION** |

COME NOW, Plaintiff Jessica Hernandez ("Plaintiff") and Defendant Gourmet Subs of Charlotte, LLC ("Defendant"), who, by and through their undersigned counsel, submit this stipulation and request this Court enter an Order consistent herewith that this action may be conditionally certified as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA").

WHEREAS, Plaintiff filed this action on April 28, 2017, alleging that Defendant failed to pay Plaintiff and other similarly situated employees overtime in violation of the FLSA (ECF No. 1);

WHEREAS, Defendant denies Plaintiff's allegations and further denies that it violated the FLSA in any way (ECF No. 8);

WHEREAS, the parties acknowledge that FLSA conditional collective action certification motion practice requires the expenditure of resources of the parties and of the Court, and recognize the importance of conserving party and judicial resources in this matter;

1

WHEREFORE, in light of the foregoing and having been fully advised in the premises hereof, **IT IS HEREBY ORDERED THAT**:

1. This action is conditionally certified as a collective action, pursuant to 29 U.S.C. § 216(b) of the FLSA. Notice of this lawsuit shall be issued to all putative collective members, defined as:

> Current and former assistant store managers (collectively, "**ASMs**"), who were paid on a salary basis and were classified as exempt from overtime pay, and who worked for Defendant in any Jimmy John's brand sandwich shop more than 40 hours in any workweek from the period beginning April 28, 2014 to the present.[1]

2. This stipulation shall in no way affect Defendant's right to oppose certification during later proceedings in this case, including, without limitation, the filing of a motion to decertify the collective action, nor shall it in any way prejudice Defendant's substantive arguments in support of such a motion. Accordingly, in opposing any such motion filed by Defendant, Plaintiff shall not make any arguments that are based on this stipulation. By way of example, but without limitation, Plaintiff shall not argue that because the parties stipulated to conditional collective certification of the class, sufficient similarities exist to defeat any motion to decertify the collective action; nor shall Plaintiff argue that Defendant waived any arguments in support of any motion to decertify the collective action based on having entered into this stipulation.

3. This stipulation shall not otherwise be referenced, cited to, or used by the parties in any manner that would be prejudicial to the other parties at any point in this action or in any related action pending anywhere in the United States. This stipulation is not an admission by any party

---

[1] Notwithstanding the foregoing conditional collective action class definition, Defendant does not agree that a three-year statute of limitations applies in this action and reserves all rights to argue the inapplicability thereof; including, without limitation, that all compensation practices and actions by Defendant were established or otherwise taken in good faith and that certain claims of named and opt-in Plaintiffs are untimely pursuant to a two-year statute of limitations.

on the merits of Plaintiff's claims or of Defendant's defenses, nor is it in any way reflective of the merits of whether final collective certification is appropriate in this action. This stipulation only reflects the parties' shared interest in advancing this action in the most efficient and practical manner possible.

4. The Court shall facilitate judicial notice to potential collective action class members (as defined pursuant to Paragraph 1(a), above). To that end, the parties shall further confer and file a proposed order describing the procedure and setting forth the forms that will be used to notify potential class members, including contact information to be disclosed by Defendant to facilitate notice, the proposed form of notice, means of delivery, time period and procedure for potential class members to opt in to this action, and the procedure for opt-in plaintiffs to withdraw. If the parties are unable to agree on such procedure, each shall file a brief, setting forth their proposed procedures with citations to applicable supporting authority. This stipulation and order shall in no way affect Defendant's right to object to the form and content of Plaintiff's proposed notice.

**SO ORDERED**.

Signed: September 29, 2017

_____
David C. Keesler
United States Magistrate Judge

**AGREED AS TO FORM AND SUBSTANCE**:

Dated:  September 28, 2017


Respectfully submitted,


By: /s/ Sarah Sloan Batson  
Sarah Sloan Batson, N.C. Bar # 42066  
Mark W. Bakker, N.C. Bar # 21906  
NEXSEN PRUET, PLLC  
55 E. Camperdown Way  
Greenville, SC  29601  
(864) 282-1113  
(864) 298-3999  
SBatson@nexsenpruet.com  

Matthew S. Disbrow, *admitted pro hac vice*  
Christopher R. Kazanowski, *admitted pro hac vice*  
Matthew Radler*, admitted pro hac vice*  
HONIGMAN MILLER SCHWARTZ AND COHN LLP  
2290 First National Building  
660 Woodward Avenue  
Detroit, MI 48226-3506  
(313) 465-7000  
(313) 465-8000  
mdisbrow@honigman.com  
*Attorneys for Defendant*

/s/ Philip J. Gibbons, Jr.  
Philip J. Gibbons, Jr., NC Bar #52076  
PHIL GIBBONS LAW, P.C.  
15720 Brixham Hill Ave #331  
Charlotte, NC 28227  
(704) 612-0038  
(704) 612-0038  
phi1@philgibbons1aw .com  

Seth R. Lesser, *admitted pro hac vice*  
Fran L. Rudich, *admitted pro hac vice*  
Christopher M. Timmel, *admitted pro hac vice*  
KLAFTER OLSEN & LESSER LLP  
Two International Drive, Suite 350  
Rye Brook, New York 10573  
(914) 934-9200  
(914) 934-9220  
E.seth@klafterolsen.com  
fran@klafterolsen.com  
christopher.timmel@klafterolsen.com  
*Attorneys for Plaintiffs*